Nathan M. Olsen, ISB No. 7373
Adam N. Olsen, ISB No. 11594
**OLSEN TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: nolsen@olsentaggart.com
       aolsen@olsentaggart.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RILEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SKYLER NISEN, an individual,<br><br>Defendant. | Case No. 1:22-cv-00281-AKB<br><br>**MOTION FOR PUNITIVE DAMAGES AND TO UNSEAL CERTAIN DEPOSITION TESTIMONY** |

COMES NOW Plaintiff Nicole Riley (hereafter "Mrs. Riley"), by and through her counsel of record, Nathan Olsen, and as required under the *Scheduling Order* (Dkt. 10) dated October 14, 2022, as amended in (Dkt 28), hereby moves the Court for punitive damages against the Defendant Skyler Nisen (hereafter "Officer Nisen"). Mrs. Riley further moves for summary judgment finding Officer Nisen liable for punitive damages or alternatively that the Court allow for a jury instruction on punitive damages at trial. This motion is supported by the *Declaration of Nicole Riley* (hereafter "Riley Decl."); the *Declaration of Amanda Hansen* (hereafter "Hansen Decl."); the *Declaration of Adam Olsen* (hereafter "Olsen Decl."); the *Declaration of Nathan*

*Olsen in Support of Motion to Unseal [Filed Under Seal]* (hereafter "Nathan Olsen Decl."); the *Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment* (hereafter "SOF"); and the record and pleadings in this case. The basis and authority for this motion is set forth herein as further supported by the *Memorandum in Support of Motion for Sanctions* and *Memorandum in Support of Partial Motion for Summary Judgment*.

To provide additional facts in support of her *Motion for Punitive Damages*, Mrs. Riley also hereby moves to unseal portions of the June 1, 2023, deposition of the former Middleton Police Department's (hereafter "MPD") Chief Alan P. Takeuchi (hereafter "Chief Takeuchi") and the August 29, 2023, Deposition of Officer Nisen, which, at that time, Mrs. Riley agreed to stipulate to the confidentiality of the testimony pending further court order. A summary of the content of this testimony relevant to this motion and this case are set forth in the September 25, 2023, *Declaration of Nathan Olsen [Filed Under Seal]* made under seal. The basis for this motion is that the confidential portions of these depositions provide highly relevant information in this case, particularly to Mrs. Riley's *Motion for Punitive Damages*. Moreover, any reason as to why this information should continue to remain confidential is not applicable to the claims and defenses to this case.

I. **Authority**.

As held by the Ninth Circuit: "Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating that wrong. *Dang v. Cross*, 422 F.3d 800, 810 (9th Cir. 2005). With regard to 42 U.S.C § 1983 claims, the Ninth Circuit has held that "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or

callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir. 1993).

In *Dang,* the Ninth Circuit further held that the "statement of the law of punitive damages" as established in *Morgan* in § 1983 claim is "incomplete" in that "an act or omission" is "oppressive:"

> if done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or the misfortunes of another person. We conclude that a defendant's misuse of authority or power or exploitation of a plaintiff's weakness is qualitatively different than a defendant's act that is malicious or in reckless disregard of the plaintiff's rights.

*Dang* at pp. 809-10. (citation omitted.)

The Circuit further held that:

> Awarding punitive damages for oppressive conduct that was the cause of the plaintiff's injury deters and punishes the defendant for conduct that is not necessarily encompassed by malicious or reckless conduct. When a jury is instructed that it may award punitive damages for oppressive acts, the jury must consider the relative positions of power and authority between the parties and determine whether the defendant misused his power or authority or abused the plaintiff's weakness in the course of the wrongful conduct. This determination is not identical to the jury's consideration of a defendant's malicious acts or reckless disregard of the plaintiff's rights. In some situations the jury may determine that the defendant's conduct was malicious or reckless and also oppressive. Nonetheless, oppressive conduct is sufficiently distinct to warrant a separate instruction.

*Id*. at 810.

Finally, the burden of proof for a punitive damages claim is by "preponderance of evidence." *Id*. at 808.

## II. <u>Undisputed Facts Supporting Liability against Officer Nisen for Punitive Damages</u>.

The following consists of undisputed facts supporting an award of punitive damages as referenced in the record in Mrs. Riley's Statement of Facts (SOF) as well as in Mrs. Riley's September 25, 2023, declaration made in support of her *Motion for Partial Summary Judgment*.

Additional supporting facts are provided in paragraph 5 of the September 25, 2023, <u>sealed</u> *Declaration of Nathan Olsen* referencing sealed portions of depositions of Chief Takeuchi and Officer Nisen:

1. Prior to arresting Mrs. Riley during the police stop on July 29, 2021, Officer Nisen intentionally deactivated his body camera. (SOF ¶ 15.) Officer Nisen's partner, Officer Watson, kept his body-worn camera activated throughout the duration of the incident. (SOF ¶ 17.) According to Chief Takeuchi, Officer Nisen should have had his body-worn camera activated during the incident involving Mrs. Riley's arrest. (SOF ¶ 68; *See* SOF ¶ 16.)

2. In reference to Mrs. Riley's vehicle—which was legally parked on the side of the road and which Officer Nisen's partner, Officer Watson, had already allowed Mrs. Riley to make arrangements to have the car picked up and driven home by a neighbor, (SOF ¶ 10), after deactivating his camera, Officer Nisen also told his partner Officer Watson "let's just tow this." (SOF ¶ 18.)

3. Officer Nisen then approached the driver's side of the car, while Mrs. Riley was sitting in the passenger side of the vehicle, and aggressively commanded Mrs. Riley to "get out of the car because we are going to tow it." (SOF ¶ 20.) Mrs. Riley advised Officer Nisen that she already had someone coming to pick up the car, to which Mrs. Riley angrily responded, "nobody is taking this car." (SOF ¶ 27.) Officer Nisen then represented to Mrs. Riley that he had authority to tow the car to do a vehicle inventory "so nobody in the tow truck driver steals anything." to which Riley responded "excuse me?" (SOF ¶ 28.)

4. Officer Nisen, who is physically stronger and younger than Mrs. Riley, used brutal force against Mrs. Riley when he twisted Mrs. Riley's left arm and wrist in such a fashion that her elbow was fractured. (Riley Decl. ¶¶ 30-36, 42-43.) Due to Officer Watson's position to the right of Mrs. Riley, Officer Watson's body-worn camera does not capture the moment that Officer Nisen used brutal force on Mrs. Riley's left arm. Had Officer Nisen's body-worn camera been on, Officer Nisen's force on Mrs. Riley would have been captured.

5. At his deposition, Officer Nisen expressed that he had "no recollection" as to the details of his actions which caused damage to Mrs. Riley's arm, other than he was using a "chicken wing" maneuver to gain control of both of Riley's arms. (SOF ¶¶ 56-60.)

6. In Mrs. Riley's written discovery request, Mrs. Riley specifically requested Officer Nisen's body cam footage. (Olsen Decl. Ex. H; *See* Riley Decl. Ex. D.) No such footage was provided. During his deposition, Officer Nisen testified that such footage existed and testified that he did not deactivate his camera during the incident. (SOF ¶¶ 50-54.) Several weeks after the deposition, Officer Nisen's counsel produced Officer Nisen's body-worn camera footage. (SOF ¶ 2.) It was at that time that Mrs. Riley learned that Officer Nisen had in fact purposefully deactivated his body camera just prior to Mrs. Riley's arrest and his use of force against her. (SOF ¶ 15.)

7. Additional facts based on information currently under seal are set forth in paragraph 5 of the September 25, 2023, *Declaration of Nathan Olsen* made under seal referencing the sealed portion of Chief Takeuchi and Officer Nisen's depositions.

III. <u>Argument</u>

The evidence supports that during the incident wherein Officer Nisen arrested and used force against Mrs. Riley, Officer Nisen acted with utter disregard, malice and/or with oppressive acts or omissions. Officer Nisen deliberatively turned off his body camera prior to the incident and deliberately failed to disclose that fact in discovery and then claimed ignorance about that during his deposition. Officer Nisen's conduct while his camera was deactivated, as documented by Officer Watson's body-worn camera—which under Middleton police policy he kept on—clearly shows Officer Nisen's oppressive acts toward Mrs. Riley along with his deliberate indifference toward Mrs. Riley's concerns when he threatened Mrs. Riley and abruptly pulled her from her vehicle and violently positioned her against the car and applied severe pressure to arm and wrist causing severe injury and pain.

Because Officer Nisen consciously took action to prevent the preservation of his conduct on his body-worn camera, and further testified that he had no recollection of the exact maneuvers he engaged in which caused the severe injury to Mrs. Riley's arm, Mrs. Riley's specific recollection of Officer Nisen's conduct in that regard remains, and cannot be, disputed by Officer Nisen. As such, not only has Mrs. Riley sufficiently provided facts in which a jury could rely upon to support a finding of punitive damages as proven by the preponderance of evidence, but such facts, including her testimony, the videos documenting the event, are undisputed and clear. Nothing prevents this Court from granting the *Motion for Punitive Damages* to Mrs. Riley finding that Officer Nisen is liable for punitive damages.

Additionally, this Court should allow Mrs. Riley to disclose testimony currently under seal which lends additional support for punitive damages. If the Court finds that there are still materially disputed facts, at the very least, the Court should allow for a punitive damages instruction at trial.

MOTION FOR PUNITIVE DAMAGES AND TO UNSEAL CERTAIN DEPOSITION TESTIMONY

DATED: September 25, 2023.

OLSEN TAGGART PLLC

/s/ *Nathan M. Olsen*
Nathan M. Olsen
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2023, I caused to be filed the foregoing electronically with the Clerk of the Court through the CM/ECF system, which will cause notice

MOTION FOR PUNITIVE DAMAGES AND TO UNSEAL CERTAIN DEPOSITION TESTIMONY
Page-7

of such filing to be served upon the following parties or counsel be electronic means, and upon any other attorneys who have appeared for the parties or are designated to receive notice of filings in this matter in the ECF system as more fully reflected on the Notice of Electronic Filing:

Bruce J. Castleton, Esq.
bruce@catletonlegal.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

N/A

                                                                               */s/ Nathan M. Olsen*
                                                                               Nathan M. Olsen