Bruce J. Castleton    ISB No. 6915
CASTLETON LAW PLLC
10400 Overland Road #238
Boise, ID   83709
Telephone No. (208) 629-4590
Facsimile No. (208) 509-4814
bruce@castletonlegal.com

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RILEY, an individual,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SKYLER NISEN, an individual,<br><br>　　　Defendant. | Case No. 1:22-cv-00281<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES AND TO UNSEAL DEPOSITION TESTIMONY (DKT. NO. 33)** |

Defendant Skyler Nisen, by and through his attorney of record, the law firm of Castleton Law PLLC, hereby submits his Memorandum in Opposition to Plaintiff's Motion for Punitive Damages and to Unseal Deposition Testimony. For the reasons set forth below, the Motion should be denied.

### ARGUMENT

**1. Plaintiff Has Not Made a Requisite Showing for Punitive Damages**

As cited by Plaintiff, to be eligible to seek punitive damages from a jury against an individual officer in a Section 1983 case, a plaintiff must show that the defendant's conduct "is shown to be motivated by evil motive or intent" or "involves reckless or callous indifference to

the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).   In the Ninth Circuit this extends to "malicious, wanton, or oppressive acts or omissions." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005).

To support her claim for punitive damages Plaintiff cites to seven assertions of fact listed in her Motion (Dkt. No. 33, pp. 4-5): 1) that Nisen deactivated his body camera prior to his interaction with Riley; 2) that Nisen determined to tow Riley's vehicle; 3) that Nisen ordered Riley out of the vehicle so he could search it; 4) that upon Riley's refusal to exit the vehicle Nisen forcibly removed her from it and attempted to handcuff Rile while she resisted; 5) that during his deposition over two (2) years after the incident Nisen testified he didn't have specific recollection of what he could have done that would have injured Riley's arm other than the type of compliance technique he used upon her to try and get her handcuffed; 6) that Nisen's body camera video of the incident wasn't initially produced to Riley's counsel; and 7) additional issues that were testified to under seal in the depositions of former MPD Chief Takeuchi and Nisen.   None of these either individually or collectively provide evidence that Nisen acted with evil motive or intent towards Riley or that he acted maliciously, wantonly, or oppressively.

As set forth in Nisen's Opposition to Motion for Sanctions filed concurrently herewith, Nisen deactivated his body camera because he believed his interaction with Austin Riley was complete and he had no knowledge that Nicole Riley would oppose his directions to exit the vehicle.   Nisen's decision to deactivate his body camera was not done with any evil motive or intent, nor was it done maliciously, wantonly, or oppressively.

As set forth in Nisen's Motion for Summary Judgment (Dkt. No. 30), Nisen had full legal justification for directing Riley to exit the vehicle, and she had no right to refuse that command.

**DEFENDANT'S MEMORANDUM IN OPPOSITON TO PLAINTIFF'S
MOTION FOR PUNITIVE DAMAGES -  2.**

Once she refused, Nisen used an appropriate amount of force to remove her from the vehicle and attempt to handcuff her. Riley resisted throughout this effort until she finally submitted. Nisen's use of force was reasonable under the circumstances and was not done with evil or intent, nor was it done maliciously, wantonly, or oppressively.

Nisen's testimony in his deposition regarding his use of force during this incident was in no way done with evil or intent, nor was it done maliciously, wantonly, or oppressively. He simply testified truthfully to an event that had occurred more than two years prior. He accurately described the technique he used on Riley, referring to it both as a "chicken wing" maneuver as well as a "joint lock," which is a commonly taught compliance technique in law enforcement. *See* Castleton Decl., Exh. A (Nisen Depo. p. 42:7-15); Defendant's Memo. Spt. Motion for Summary Judgment, Dkt. No. 30-1, n.5 (citing cases in which the joint lock technique is analyzed as a use of force).

More so, Nisen's deposition was held more than two years after the incident and cannot be attributed to any motive or intent he had at the time these events happened.

The production of Nisen's body camera footage is not an issue that involves any decision or act made by Nisen. As set forth in Nisen's Memorandum in Opposition for Motion for Sanctions filed concurrently herewith, Nisen was blocked from accessing this video at the time the initial production request was made, and it was subsequently produced in its entirety. Declaration of Skyler Nisen, ¶¶ 7-8. This issue in no way demonstrates evil or intent, nor does it involve any action by Nisen done maliciously, wantonly, or oppressively.

And, with respect to those portions of the Takeuchi and Nisen depositions which Plaintiff has filed under seal, the events set forth in that testimony are wholly unrelated to Nisen's actions

on July 29, 2021 and Plaintiff's claims related thereto. All of these events occurred *after* the incident with Plaintiff and can therefore not be considered by the Court when weighing whether Nisen's actions on that date were done with evil motive or intent, or done maliciously, wantonly, or oppressively.

More so, the allegations Plaintiff wishes the Court to consider in the sealed testimony come only from former MPD Chief Takeuchi, who had no proof other than his own suspicions that the complaint made by Nisen against him were related to citizen complaints made against Nisen. More so, Nisen denied that Takeuchi ever addressed any but one of those complaints with Nisen. (Nisen redacted deposition, pp. 74:10-14). Thus, Nisen could not have been motivated by these complaints.

As shown above, Plaintiff has provided no evidence to the Court that Nisen's actions on July 29, 2021 were done with evil motive or intent, or that he acted maliciously, wantonly, or oppressively.

## 2. **Plaintiff Request for the Court to Consider Sealed Deposition Testimony Should Be Denied Because It Is Irrelevant**

Plaintiff asks the Court to consider certain excerpts of the depositions of Nisen and former MPD Chief Takeuchi. These excerpts pertain to citizen complaints allegedly made to Takeuchi against Nisen, and then Nisen's subsequent complaint against Takeuchi to the City of Middleton for nepotism concerns (which ultimately led to Takeuchi's resignation). For purposes of Plaintiff's motion to have the Court consider this testimony, the primary factor for the Court's consideration should be that all of the events testified to in these deposition excerpts occurred after

July 29, 2021. Thus, they can in no way be relevant to whether Nisen acted on that date with evil motive or intent, or whether his actions were done maliciously, wantonly, or oppressively.

With regard to the incident on July 29, 2021, Takeuchi testified at his deposition that the Middleton Police Department had done a use of force review for this incident and Nisen's conduct was found to be without violation. Castleton Decl., Exh. H (Takeuchi Depo. p. 56:12 – 57:14). *See also* Declaration of Bruce J. Castleton in Opposition to Motion for Punitive Damages, Exh. A. As such, Nisen could not have been negatively motivated by Takeuchi's view of the July 29, 2021 incident, and so these subsequent incidents are in no way related to the incident that is the subject of Plaintiff's claims.

Accordingly, the Court should deny Plaintiff's request to consider this evidence.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Punitive Damages should be denied.

DATED this 23rd day of October, 2023.

                CASTLETON LAW, PLLC

                By ***/s/ Bruce J. Castleton***
                     BRUCE J. CASTLETON, Of the Firm
                     Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 23rd day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Nathan M. Olsen | nolsen@olsentaggart.com |
| Adam N. Olsen | aolsen@olsentaggart.com |
| OLSEN TAGGART PLLC | |
| P. O. Box 3005 | |
| Idaho Falls, ID 83403 | |
| *Attorneys for Plaintiff* | |

                                        */s/ Bruce J. Castleton*
                                        BRUCE J. CASTLETON